AKRON BAR ASSOCIATION v. FINAN.

[Cite as *Akron Bar Assn. v. Finan*, 118 Ohio St.3d 106, 2008-Ohio-1807.]

(No. 2007–2300—Submitted January 9, 2008—Decided April 23, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Christine D. Finan of Akron, Ohio, Attorney Registration No. 0055892, was admitted to the Ohio bar in 1991. Relator, Akron Bar Association, filed a complaint charging respondent with two violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("BCGD Proc.Reg."). The panel accepted the agreement and its statement of facts and made a recommendation, which the board adopted.

{¶ 2} The board recommends that we issue a public reprimand to respondent for her misconduct. We adopt the board's findings of misconduct and the recommended sanction.

### Misconduct

{¶ 3} Respondent represented Donna Orellana in a domestic relations matter against her former husband, Mark Orellana. Respondent filed a post-decree motion for contempt alleging that Mr. Orellana had failed to comply with the parenting plan. Respondent prepared an affidavit for Ms. Orellana's signature in support of the motion.

{¶ 4} Respondent presented the affidavit to the court as an affidavit of fact purportedly containing her client's signature and respondent's notarization of her client's signature. At a hearing on the motion, Mr. Orellana challenged Ms. Orellana's signature and some of the facts in the affidavit. Respondent acknowledged to the court two factual errors in the affidavit. Respondent also admitted that she had signed Ms. Orellana's name to the affidavit and notarized her own signature of Ms. Orellana's name. Ms. Orellana confirmed to the court that she had provided the information in the affidavit and that she had authorized respondent to sign her name.

{¶ 5} The court dismissed the contempt motion due to respondent's misconduct.

{¶ 6} Respondent admitted the facts contained in the complaint, and the board found that her acts constituted violations of DR 1–102(A)(5) (barring a lawyer from engaging in conduct that is prejudicial to the administration of justice), and

1–102(A)(6) (barring a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## Recommended Sanction

{¶ 7} The parties stipulated in the agreement to mitigating factors for the panel's consideration. See BCGD Proc.Reg. 10(B)(2). The parties agreed that respondent had no prior disciplinary record and that she is known to have good character and a good reputation. BCGD Proc.Reg. 10(B)(2)(a) and (e). There was no evidence of a dishonest or selfish motive, and respondent made a timely, good-faith effort to rectify the consequences of her misconduct. BCGD Proc.Reg. 10(B)(2)(b) and (c). And respondent was cooperative during the disciplinary proceedings, and she disclosed information fully and freely to the board. BCGD Proc.Reg. 10(B)(2)(d).

{¶ 8} The parties agreed that the appropriate sanction for respondent's misconduct was a public reprimand. The board accepted the agreed sanction.

## Review

{¶ 9} Based on the consent-to-discipline agreement, we accept the board's findings that respondent violated DR 1–102(A)(5) and 1–102(A)(6) and the board's recommended sanction. Respondent is therefore publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., and Pfeifer, Lundberg Stratton, O'Connor, O'Donnell, Lanzinger, and Cupp, JJ., concur.

---

Dianne R. Newman and Vincent J. Alfera; and Rhonda Davis & Associates, L.L.C., and Rhonda G. Davis, for relator.

Matthew Fortado, for respondent.